UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHANIE D. GRANGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-03679-JPH-DML |
| | ) | |
| EQUIFAX, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JURISDICTIONAL ORDER**

Stephanie Granger brings this action against Equifax, Inc., alleging injuries from a data breach. Dkt. 1. She alleges that Equifax is "in default under its contract" because Equifax "knowingly, intentionally, or voluntarily agreed and acquiesced through its non-response" to correspondence Ms. Granger sent Equifax before this litigation. *Id.* at 4. She seeks $75 million and punitive damages. *Id.* at 5.

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The plaintiff bears the burden of establishing subject-matter jurisdiction. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Court does not appear to have jurisdiction over this case. The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citations and quotation omitted).

Ms. Granger's complaint appears to allege diversity jurisdiction, dkt. 1 at 3, but Ms. Granger has not established the jurisdictional amount in controversy required. "When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Ms. Granger seeks $75 million in damages and alleges that the data breach "affected and injured [her] personally." Dkt. 1 at 4. But Ms. Granger's damages are speculative; the complaint lacks factual allegations about the nature of the Ms. Granger's injury or damages from the data breach, *see* dkt. 1. Nor can Ms. Granger's request for punitive damages support the jurisdictional amount because they must relate to actual damages. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003).

The only facts offered by Ms. Granger to support the jurisdictional amount are that the data breach caused an unspecified injury and that Equifax "agreed to and acquiesced" to relief in the amount of $75 million because it did not respond to Ms. Granger's "Notice of Fault and Opportunity to Cure," resulting in default.  Dkt. 1 at 5.  But no default has been sought or entered against Equifax, *see* Fed. R. Civ. P. 55, and Equifax has appeared and is defending this action, *see e.g.*, dkt. 5, dkt. 8.  Therefore, Ms. Granger has failed to assert a good faith claim that the amount in controversy exceeds the jurisdictional amount necessary for this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

Ms. Granger also does not identify any basis for federal question jurisdiction under 28 U.S.C. § 1331.  *See* dkt. 1 at 3.

Ms. Granger shall have through **September 25, 2020** to show cause why this case should not be dismissed for lack of subject-matter jurisdiction.  In doing so, she must show (1) the federal law giving rise to her claims, (2) a good faith claim that the amount in controversy exceeds the jurisdictional amount necessary for this Court's subject matter jurisdiction, or (3) another basis for the Court's jurisdiction.  If Ms. Granger does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction and enter final judgment.

**SO ORDERED.**

Date: 8/25/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

STEPHANIE D. GRANGER
P.O. Box 798
Noblesville, IN 46061

J. Anthony Love
KING & SPALDING LLP
tlove@kslaw.com

4